2021 IL App (2d) 180966
No. 2-18-0966
Opinion filed March 11, 2021

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 13-CF-884 |
| SAMUEL SPAN, | ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Samuel Span, appeals the trial court's order dismissing his petition filed under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). He contends that the petition made a substantial showing that counsel on direct appeal was ineffective for failing to argue that the trial court failed to comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) before allowing defendant to represent himself. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    Defendant was charged with, and convicted of, one count of unlawful delivery of 1 gram or more but less than 15 grams of a controlled substance (cocaine) within 1000 feet of a park (720 ILCS 570/407(b)(1) (West 2012)) and one count of unlawful delivery of 1 gram or more but less

than 15 grams of cocaine (*id.* § 401(c)(2)). At defendant's first court appearance, his appointed attorney informed the trial court that defendant wanted to represent himself. Defendant confirmed this and asked whether there was a codefendant and what the charges were. The court responded, "I think these are odd questions to ask me about. Because really the only issue I'm concerned with right now is you representing yourself." The court noted that the case was scheduled for arraignment but that it needed "to deal with this" before proceeding to arraignment.

¶ 4     The court told defendant that he had the right to represent himself or that the court could appoint him a lawyer at no cost. The court then questioned defendant about his age, education, and experience with the legal system. The court admonished defendant that the trial would be governed by technical rules of evidence and procedure, that the State would be represented by an experienced criminal lawyer while defendant would not, that defendant might inadvertently give the prosecution an advantage because of his unfamiliarity with the rules and procedure governing a trial, and that defendant would not receive any special consideration due to his lack of legal expertise. Furthermore, defendant could not complain on appeal about his own ineffectiveness. Defendant repeatedly said that he understood.

¶ 5     Following this exchange, the court said, "I'm going to grant your motion to represent yourself in this matter." The court then handed defendant the indictments and offered to continue the arraignment to allow defendant to review the charges. However, defendant opted to proceed immediately with the arraignment. The court informed defendant of the charges he was facing and the minimum and maximum penalties, including any extended-term sentencing provisions that might apply. The court also continued to caution defendant about the obstacles he would face in representing himself. At the conclusion of the hearing, defendant pleaded not guilty, and the court continued the case.

¶ 6     Following a jury trial, defendant was convicted of unlawful delivery, and the trial court sentenced him to 15 years' imprisonment. On direct appeal, the appellate defender's office represented defendant. We rejected his argument that the trial court erred by barring him from challenging the legality of his seizure by police and affirmed his conviction. *People v. Span*, 2016 IL App (2d) 140394-U.

¶ 7     Defendant filed a postconviction petition. The trial court-appointed counsel, who filed an amended petition. The amended petition contended, *inter alia*, that the trial court violated Rule 401(a) when it accepted defendant's waiver of counsel before admonishing him about the charges he faced and that counsel was ineffective for failing to raise this issue on direct appeal. The trial court dismissed the petition, and defendant timely appealed.

¶ 8                                        II. ANALYSIS

¶ 9     On appeal, defendant contends that his amended petition made a substantial showing that appellate counsel was ineffective for failing to argue that the trial court violated Rule 401(a). That rule provides in part as follows:

> "The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
>     (1) the nature of the charge;
>
>     (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>
>     (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

Substantial compliance with the rule is required for an effective waiver of counsel. *People v. Campbell*, 224 Ill. 2d 80, 84 (2006).

¶ 10     The Act allows a defendant to challenge his conviction or sentence for violations of his constitutional rights. *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005). At the second stage of a postconviction proceeding, which the proceeding below had reached, the defendant bears the burden of making a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 11     Defendant's amended petition asserted that he was deprived of his constitutional right to the effective assistance of counsel when counsel on his direct appeal failed to argue that the trial court violated Rule 401(a). We use the *Strickland* standard to test the adequacy of appellate counsel. *People v. Easley*, 192 Ill. 2d 307, 328-29 (2000); *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, a defendant who contends that appellate counsel rendered ineffective assistance by failing to argue an issue must show that the failure to raise that issue was objectively unreasonable and that the decision prejudiced the defendant. *Easley*, 192 Ill. 2d at 328-29. Appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence for counsel to refrain from raising issues that, in counsel's judgment, are without merit, unless counsel's appraisal of the merits is patently wrong. *Id.* at 329. "Accordingly, unless the underlying issues are meritorious, defendant has suffered no prejudice from counsel's failure to raise them on appeal." *Id.*

¶ 12     Other than a citation for the general principle that substantial compliance with Rule 401(a) is sufficient, defendant's amended petition cited only *People v. Montgomery*, 298 Ill. App. 3d 1096, 1097 (1998), which involved the sufficiency of a bystander's report under Illinois Supreme Court Rule 401(b) (eff. July 1, 1984).

¶ 13    On appeal, defendant cites *People v. Smith*, 2020 IL App (3d) 160454, to support his claim that the trial court failed to comply substantially with Rule 401(a). There, at the defendant's first court appearance, the trial court read the charges and explained the possible penalties. *Id.* ¶ 11. The State later tendered additional charges, but defense counsel waived a formal reading of the charges and explanation of the penalties. *Id.* ¶ 12. At a later hearing, defendant expressed dissatisfaction with his appointed attorney, in part because he had failed to subpoena the wife of the La Salle County state's attorney, former Governor Pat Quinn, and then-current Governor Bruce Rauner. *Id.* ¶ 13. Defendant expressed his desire to proceed *pro se*. *Id.* However, the court *sua sponte* found a *bona fide* doubt of defendant's fitness to stand trial. After a jury found defendant fit, he appeared in court and again expressed his desire to proceed *pro se*. *Id.* ¶¶ 14-15. The court admonished defendant extensively about the severe disadvantage that he would face representing himself and warned that he would not be able to reverse course during the trial; defendant stated he understood. *Id.* ¶ 15. However, the trial court did not mention the nature of the charges, the additional charges, or the possible penalties. The court explained these at a hearing four days later. *Id.* ¶ 16. On appeal, the Third District Appellate Court found that the trial court did not comply, even substantially, with Rule 401(a), holding that "[t]he lack of any admonishments whatsoever until the hearing following defendant's waiver fails the test of substantial compliance." *Id.* ¶ 54.

¶ 14    We note that *Smith* was decided in 2020, four years after defendant's direct appeal was decided. As the court stated in *People v. Chatman*, 357 Ill. App. 3d 695, 700 (2005):

"We cannot conclude that counsel's failure to invoke a ruling that had not occurred was objectively unreasonable or resulted in prejudice to defendant. Indeed, to require counsel to 'preminisce' future appellate court holdings would render 'effective assistance' an

impossible standard to meet and would, we believe, render nearly all Illinois attorneys incompetent. We will not ascribe incompetence to defendant's counsel based on a ruling issued well after their service to defendant ended."

¶ 15    So too here. Moreover, defendant cites nothing from which *Smith*'s holding could have been predicted in 2015. In support of its conclusion that the trial court failed to comply with Rule 401(a), *Smith* cites only *Campbell*, in which the trial court gave no admonishments at all before allowing the defendant to waive counsel. *Smith*, 2020 IL App (3d) 160454, ¶ 54. The only other citation in that portion of *Smith*'s analysis is to *People v. Glasper*, 234 Ill. 2d 173, 189 (2009), for the proposition that "rules of this court are not mere suggestions."

¶ 16    In any event, *Smith* is distinguishable. In contrast to *Smith*, the trial court here accepted defendant's waiver of counsel and, at the same hearing, admonished him about the charges and possible penalties. No new charges were added, and no one expressed concern about defendant's fitness. It is true that the court ostensibly granted defendant's motion for self-representation before explaining the charges and penalties. However, at no time before trial did defendant request that counsel be reappointed or express any doubts about his decision. Nothing in the record suggests that defendant's decision was based to any extent on the nature of the charges or the possible penalties. Under the circumstances, the trial court substantially complied with Rule 401(a).

¶ 17    The other cases defendant cites in his appellate brief are not directly on point, as he concedes. Most of those cases involved the trial court inadvertently misstating the applicable sentencing range. Reviewing courts have generally found substantial compliance in those situations. See, *e.g.*, *People v. Wright*, 2017 IL 119561, ¶¶ 53-54.

¶ 18    One exception, cited by defendant, is *People v. LeFlore*, 2013 IL App (2d) 100659, *rev'd in part on other grounds*, 2015 IL 116799. In *LeFlore*, after the defendant informed the trial court

that he wished to discharge his attorney and proceed *pro se*, the court provided Rule 401(a) admonishments. However, the court falsely told the defendant that the maximum sentence he faced was 15 years' imprisonment when he was actually eligible for Class X sentencing, with a range of 6 to 30 years in prison. The trial court accepted the defendant's waiver of counsel. The case proceeded to a jury trial, and the defendant was convicted. The trial court sentenced him to 20 years in prison. *Id.* ¶¶ 9-10.

¶ 19     We held that the defendant was not admonished properly under Rule 401(a). We rejected the State's argument that the error was cured by a brief off-the-record discussion between the assistant state's attorney and the defendant weeks after his waiver of counsel. We explained that a "defendant must be admonished pursuant to Rule 401(a) *prior to* waiving the right to counsel." (Emphasis in original.) *Id.* ¶¶ 55-56.

¶ 20     The obvious difference between this case and *LeFlore* is that at no point before trial and sentencing did the trial court in *LeFlore* correctly inform the defendant about the penalties he faced.

¶ 21     Rule 401(a) requires substantial compliance. The touchstone is whether defendant's decision is knowing and voluntary. In *Wright*, the supreme court held that the trial court substantially complied with the rule despite misinforming the defendant that the maximum sentence he faced was 60 years, not 75 years. The supreme court noted that the trial court elicited from the defendant that he was 37 years old, had attended two years of college, and had previously represented himself on appeal in a felony case. He expressed his desire to represent himself at the beginning of the case and consistently reiterated that desire thereafter, even after being informed by the trial court of the potential pitfalls of doing so, and the defendant's stated reason for choosing

self-representation did not hinge on the sentence for the charged offenses. *Wright*, 2017 IL 119561, ¶ 55.

¶ 22    We find substantial compliance in this case where the trial court, all in the same hearing, accepted defendant's waiver and advised him of the charges and possible penalties. The record demonstrates that defendant's decision to waive counsel was indeed knowing and voluntary. The trial court ascertained that defendant was 30 years old, had an associate's degree, reported no history of mental health problems, and had some experience with the legal system because he had had a previous criminal case that had gone to trial. Moreover, defendant's reason for wanting to represent himself was that he believed a lawyer had previously taken advantage of his mother. Thus, defendant's stated reason for choosing self-representation did not depend on the nature of the charge or the possible sentence. See *id.* Further, during the arraignment portion of the same proceeding, the trial court again advised defendant that he had the right to have a lawyer appointed at no cost to him. When the court reiterated that defendant had chosen to represent himself, defendant did not hesitate or change his mind, although he had the opportunity to do so at that point. Defendant was able to ask two questions following the arraignment, and neither had to do with self-representation. Defendant does not claim that the trial court provided him any incorrect information or that the court's manner of proceeding with the waiver affected his decision. Because the court substantially complied with Rule 401(a), it was reasonable for counsel not to raise the issue on direct appeal.

¶ 23                                III. CONCLUSION

¶ 24    The judgment of the circuit court of Kane County is affirmed.

¶ 25    Affirmed.

---

**No. 2-18-0966**

---

| | |
|---|---|
| **Cite as:** | *People v. Span*, 2021 IL App (2d) 180966 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 13-CF-884; the Hon. John A. Barsanti, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Gilbert C. Lenz, of State Appellate Defender's Office, of Springfield, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Barry W. Jacobs, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---