2023 IL App (3d) 220112

Opinion filed September 5, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, Bureau County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-22-0112 |
| v. | ) ) | Circuit No. 17-CF-61 |
| ROBERT D. DYAS, | ) ) | Honorable James A. Andreoni, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court, with opinion.
Justice Davenport concurred in the judgment and opinion.
Justice McDade specially concurred, with opinion.

_____

**OPINION**

¶ 1        Defendant, Robert D. Dyas, appeals the denial of his motion to withdraw his guilty plea,

arguing that the trial court denied him his right to counsel for postplea proceedings. Defendant

filed a motion to reconsider and, while that motion remained pending, filed a notice of appeal. He

then filed a motion to dismiss the appeal as premature, which this court granted, and the case was

remanded. Upon remand, the trial court appointed counsel, and defendant filed an amended motion

to reconsider denial of his motion to withdraw guilty plea, which was denied. Defendant appealed.

For the reasons that follow, we vacate the trial court's denial of defendant's motion to withdraw guilty plea and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3        Defendant was charged with unlawful possession with intent to deliver more than 900 grams of methamphetamine, a Class X felony punishable by 15 to 60 years' imprisonment at 75% (720 ILCS 646/55(a)(1), (a)(2)(F) (West 2016); 730 ILCS 5/3-6-3(a)(2)(v) (West 2016)). He was originally represented by Bureau County Assistant Public Defender Michael Henneberry. At one point, defendant told the court he was unhappy with Henneberry and asked to represent himself. The court admonished defendant pursuant to Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). The court explained to defendant the disadvantages of representing himself and the benefits of having counsel. Defendant persisted in seeking to represent himself, and Henneberry was then appointed as standby counsel. At the following court date, defendant again complained that Henneberry was not assisting him. The court explained to defendant that he had chosen to represent himself and only have Henneberry as standby counsel.

¶ 4        Ultimately, defendant agreed to plead guilty in exchange for a sentence of 18 years' imprisonment to be served at 75%. Henneberry represented defendant for the plea. Defendant stated that he would only agree to the plea if the court would marry him and his codefendant. The court admonished defendant and found the plea knowingly and voluntarily made. Judgment was entered on November 29, 2017.

¶ 5        On December 14, 2017, defendant sent a letter to the court stating he was "exercising [his] right to an appeal." In the letter, defendant contended that he was appealing his decision to plead guilty, as it was made on "the very poor and inadequate counseling" of Henneberry. The court treated this letter as a motion to withdraw guilty plea. As defendant had made claims against his

2

appointed counsel and all attorneys at the Bureau County Public Defender's Office had conflicts, defendant was appointed the La Salle County Public Defender's Office.

¶ 6    At a later court date, defendant was represented by La Salle County Assistant Public Defender Timothy Cappellini. Cappellini had previously stepped in for Henneberry when Henneberry had a medical procedure during defendant's arraignment. After a lengthy colloquy between the court and defendant, the court stated, "Well, Mr. Cappellini is discharged and the La Salle County PD is discharged in the case and you can represent yourself, [defendant], because it's pretty clear to me that that's what you really want."

¶ 7    Defendant filed motions for change of venue and substitution of judge, which were denied. On May 7, 2018, defendant asked for counsel to be appointed, and the court again appointed the La Salle County Public Defender's Office. Cappellini indicated that he would be handling the case.

¶ 8    On July 17, 2018, Cappellini stated that defendant refused to cooperate with him. Defendant said that Cappellini had a conflict of interest because he showed no interest in defendant's case. The court stated that that was not a "conflict of interest." Defendant said that he was in the law library every day and was not interested in hearing what anyone said other than what he read in the library. The court said, "Well, it's one thing to read a law book and it's another thing to go to law school for three years and maybe practice criminal law for about 30 years as defense counsel. There's—that's one thing. It's another thing to just read some law books." The court again stated that, if defendant did not want Cappellini to represent him, then he could represent himself. The court asked defendant what he wanted to do, and defendant said, "I don't want him." The court discharged the public defender's office and told defendant he could represent himself or hire his own attorney. Defendant agreed.

¶ 9    The court then asked the State when it wanted to conduct the hearing on defendant's motion to withdraw his guilty plea. After a brief colloquy, defendant agreed to conduct the hearing on August 29, 2018. The court also reminded defendant, "you're free to hire your own attorney at any time."

¶ 10    At the next court date, the court acknowledged defendant's confusion as to why he could not yet file a postconviction petition and stated, "[w]hich is why you should be represented by counsel."

¶ 11    A hearing was held on defendant's motion to withdraw guilty plea on October 18, 2018. Defendant appeared *pro se*. Defendant called and questioned Henneberry about the plea negotiations. After the hearing, the court denied the motion. Defendant subsequently filed a motion to reconsider, which was ultimately denied.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, defendant argues (1) the trial court denied him his right to counsel for his postplea proceedings and (2) the trial court erred by failing to comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984).[1]

¶ 14    A defendant is entitled to the representation of counsel at all critical stages of a criminal proceeding. *People v. Burton*, 184 Ill. 2d 1, 21-22 (1998). But a defendant may relinquish his right to counsel in three ways: (1) waiver, which is the intentional relinquishment of a known right; (2) forfeiture, which is the failure to make a timely assertion of that right; and (3) waiver by

---

[1]Defendant acknowledges that he failed to raise the denial-of-right-to-counsel issue below but asks that we consider it under the plain error doctrine. *People v. Walker*, 232 Ill. 2d 113, 124-25 (2009). The State does not press defendant's forfeiture in its brief, however, and makes no attempt to discuss the standard for plain error review. It is well established that the State may forfeit an issue of forfeiture as to a defendant's arguments. *People v. Meakens*, 2021 IL App (2d) 180991, ¶ 12. Though we do not reach the forfeiture issue, we otherwise observe that claims of improper waiver are reviewable under the second prong of the plain-error doctrine. *People v. Moore*, 2021 IL App (1st) 172811, ¶ 12.

4

conduct, which combines elements of waiver and forfeiture. *People v. Lesley*, 2018 IL 122100, ¶¶ 36-38. To be effective, waiver of the constitutional right to counsel must be voluntary, knowing, and intelligent. *People v. Wright*, 2017 IL 119561, ¶ 39. Further, where applicable, the court must comply with Rule 401(a) before it can accept waiver of counsel. *Id.* ¶ 41. Rule 401(a) provides,

> "The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> > (1) the nature of the charge;
>
> > (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>
> > (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

Strict compliance is not always required, however; substantial compliance is sufficient if the record shows (1) the waiver was made knowingly and voluntarily and (2) the admonishment given did not prejudice the defendant's rights. *Wright*, 2017 IL 119561, ¶ 41; see also *People v. Haynes*, 174 Ill. 2d 204, 241 (1996) ("The purpose of Rule 401(a) is to ensure that a waiver of counsel is knowingly and intelligently made."). Importantly, "Rule 401(a) admonishments must be provided *at the time the court learns that a defendant chooses to waive counsel*, so that the defendant can consider the ramifications of such a decision." (Emphasis added.) *People v. Jiles*, 364 Ill. App. 3d 320, 329 (2006) (citing *People v. Stoops*, 313 Ill. App. 3d 269, 275 (2000)).

¶ 15        Initially we consider whether Rule 401(a) even applies in the present context, *i.e.*, after the entry of a sentence. The Fourth District has held "[t]he plain language and logic of Rule 401(a)

5

does not require admonishing a defendant who has been convicted and sentenced of the nature of the charge for which he was just convicted and the sentence he just received." *People v. Young*, 341 Ill. App. 3d 379, 387 (2003). In determining that Rule 401(a) was inapplicable to the postsentencing context, the *Young* majority concluded it would be "useless" to inform a defendant wishing to withdraw a guilty plea, postsentencing, of the nature of the charge and possible sentencing options, stating,

> "The language of Rule 401(a) manifests only the intent to deal with defendants who are considering a waiver of counsel at the initial-appointment stage of the proceedings. The plain language of Rule 401(a) says that the admonishments are to be given to a defendant 'accused' of an offense 'punishable' by imprisonment. [Citation.] In this case, Young had already been *convicted* of the offense and *sentenced*, while being represented by counsel. Young already knew everything a Rule 401(a) admonishment would have told him." (Emphases in original.) *Id.*

The court thus held that Rule 401(a) does not apply after a defendant has been convicted and sentenced.

¶ 16        This interpretation of Rule 401(a), however, is not universal. See *id.* at 389 (Appleton, J., dissenting) ("Clearly, under our decision in [*People v. Langley*, 226 Ill. App. 3d 742 (1992)], Rule 401(a) remains applicable after arraignment and even after trial."); *People v. Thomas*, 335 Ill. App. 3d 261, 264 (2002) (concluding trial court erred when it failed to give Rule 401(a) admonishments after the defendant filed a motion to withdraw guilty plea *pro se*). "Regardless of how far the criminal proceedings have progressed," Justice Appleton wrote in his *Young* dissent, "a defendant cannot intelligently waive his or her right to counsel without a grasp of that essential information" required to be given by Rule 401(a). *Young*, 341 Ill. App. 3d at 390 (Appleton, J., dissenting).

6

¶ 17　　　We conclude that Rule 401(a) admonishments are required even after a defendant is sentenced following a guilty plea, and thus we disagree with *Young*. The interpretation of Rule 401(a)'s use of the word "accused" by the *Young* majority, limiting it procedurally to the pretrial or preplea context, is wrongly circumscribed. Here, had defendant discharged appointed counsel and prevailed in his motion to withdraw his guilty plea, he would not only remain "accused" of the charged offense but also would face up to 60 years' imprisonment at 75%. Impressing upon defendant the possibility of up to 60 years' imprisonment, as opposed to the 18-year agreed sentence he sought to vacate, cannot be deemed "useless" as described by the *Young* court. Indeed, the prophylactic purpose of the Rule 401(a) admonishments seem particularly applicable where a self-representing defendant might otherwise "succeed" in his motion to withdraw his plea, only to face the possibility of a substantially longer sentence.

¶ 18　　　Turning to the question of whether the trial court satisfied Rule 401(a), the State recognizes that there was not strict compliance with the rule. It instead argues that there was substantial compliance where, prior to the trial court's discharge of Cappellini at the July 17, 2018, postplea hearing, the court substantially complied with Rule 401(a) as follows: at the July 28, 2017, bond hearing, defendant was advised of the charge and that it was a Class X felony punishable by a minimum sentence of 15 years imprisonment and a maximum of 60 years, as well as the possible maximum fine; at the October 24, 2017, hearing (the date on which the court discharged Henneberry), defendant was again advised the charge was a Class X felony and of the minimum and maximum sentences, as well as the possible maximum fine; at the November 29, 2017, plea hearing (at which Henneberry appeared as standby counsel), defendant was again advised the charge was a Class X felony and of the minimum and maximum sentences, as well as the possible maximum fine; and at the May 7, 2018, postplea hearing, defendant was advised that he was

7

charged with a Class X felony punishable by a minimum sentence of 15 years' imprisonment. Moreover, defendant was advised of his right to appointed counsel at the June 5, 2018, postplea hearing and of his right to retain private counsel at the July 17, 2018, hearing (the date on which the court discharged Cappellini).

¶ 19     Notwithstanding the foregoing admonishments, we conclude the trial court did not substantially comply with Rule 401(a). Assuming *arguendo* that defendant willfully waived counsel through his conduct, this occurred at the July 17, 2018, hearing. At that time, the trial court made *no* attempt to provide Rule 401(a) admonishments; indeed, the only related right referenced by the court was defendant's right to engage private counsel. It is well settled that "Rule 401(a) admonishments must be provided at the time the court learns that a defendant chooses to waive counsel, so that the defendant can consider the ramifications of such a decision." *Jiles*, 364 Ill. App. 3d at 329. The State cites cases in which substantial compliance was found despite errors in the admonitions concerning the potential sentences. See, *e.g.*, *People v. Johnson*, 119 Ill. 2d 119 (1987). Those cases, however, are inapplicable here because the trial court gave no Rule 401(a) admonitions at all when defendant asked to waive counsel. See *People v. Langley*, 226 Ill. App. 3d 742, 751 (1992).

¶ 20     The facts here are comparable to those in *People v. Campbell*, 224 Ill. 2d 80 (2006). In *Campbell*, the defendant appeared without counsel on the day of trial and requested a bench trial. *Id.* at 82. The court asked the defendant to confirm he wanted to proceed to trial without counsel but failed to contemporaneously inform him of the nature of the charge, of the possible sentence or penalties, or of his right to appointed counsel if indigent. Defendant was convicted. On these facts, the Illinois Supreme Court concluded that "there was no compliance, substantial or

8

otherwise, with Rule 401(a)." *Id.* at 84. The court did not consider whether admonishments at an earlier court date could demonstrate substantial compliance with Rule 401(a).

¶ 21     As stated by the *Campbell* court,

"The rules of [our supreme] court are not suggestions; rather, they have the force of law, and the presumption must be that they will be obeyed and enforced as written. ***. Under the plain language of Rule 401(a), [defendant] was entitled to be advised of his rights, and the trial court's failure to do so was error." *Id.* at 87.

Here, defendant was not advised of his rights under Rule 401(a) at the time the court discharged the public defender and permitted defendant to proceed on his motion to withdraw his guilty plea *pro se*. Indeed, we note that it had been over six months since defendant had been informed that the maximum sentence he faced was 60 years. Thus, "there was no compliance, substantial or otherwise, with Rule 401(a)." See *id.* at 84.

¶ 22     A trial court's failure to give Rule 401(a) admonishments before accepting a waiver of counsel compels a reversal and remand. *Id.* at 87. For that reason, we do not reach defendant's argument that he was denied his right to counsel for his postplea proceedings. Accordingly, we vacate the trial court's denial of defendant's motion to withdraw his guilty plea and remand for new postplea proceedings.

¶ 23                               III. CONCLUSION

¶ 24     For the reasons stated, we vacate the order of the circuit court of Bureau County and remand for further proceedings.

¶ 25     Order vacated; cause remanded.

¶ 26     JUSTICE McDADE, specially concurring:

9

¶ 27	I agree with the majority's decision to remand because any waiver of counsel, however it may have occurred, and subsequent self-representation in this case required the giving of Rule 401(a) admonishments. I also agree with the reasoning leading to the conclusion that the Fourth District's decision in *Young* (*supra* ¶ 15) was overbroad and is inapplicable in this case.

¶ 28	I write separately to point out that nothing in the record before us shows defendant ever clearly relinquished his right to counsel in any of the three ways recognized by the supreme court in *Lesley* (*supra* ¶ 14) and that he was therefore improperly denied counsel for his motion hearing. He did not do a "waiver." It is clear from all the proceedings that he wanted counsel—counsel who would understand and accept his position and advance it to the court. He rejected counsel he did not believe, rightly or wrongly, would or could do that. The court appeared to recognize this continuing desire for assistance and repeatedly advised defendant that he could hire his own attorney if he persisted in rejecting the ones appointed by the court that he felt were ineffective. Similarly, there was no waiver by way of forfeiture; defendant made a timely assertion of his right to counsel and persisted in his request for appointed representation—just not by Mr. Cappellini.

¶ 29	And clearly there was no "waiver by conduct". In *Lesley*, the supreme court discussed requirements of this type of waiver, saying:

> "Waiver by conduct requires that a defendant receive a warning about the consequences of his conduct, including the risks of proceeding *pro se*. [Citations.] The key to waiver by conduct is misconduct occurring *after an express warning has been given to the defendant about the defendant's behavior and the consequences of proceeding without counsel.* [Citations.] A defendant who engages in dilatory conduct after having been warned that such conduct will be treated as a request to proceed *pro se*

10

cannot complain that a court is depriving him of his right to counsel."

(Emphasis added.) *Lesley*, 2018 IL 122100, ¶ 42.

It may perhaps be argued that the court's admonition—that if defendant did not continue with Cappellini he would have to represent himself or hire his own attorney—was the type of warning contemplated by the court and that defendant's rejection of Cappellini was sufficient to put his "conduct" in issue.

¶ 30 However, at no point in the July 17, 2018, hearing did the court advise defendant about the risks and/or consequences of proceeding *pro se*. This requirement not only includes the usual litany of the risks an untrained and potentially emotionally stressed self-advocate takes going up against formally trained and experienced legal counsel playing on his or her own turf. It also includes an understanding, which counsel ought normally provide, of the consequences of winning or losing in the proceeding. Thus, I would find, for this reason as well as that discussed by the majority, that the court is obligated to give the defendant the Rule 401(a) admonishments. It is only after receiving these warnings that the defendant's persistent rejection of Cappellini (which I personally do not equate with the requisite "misconduct") can constitute "waiver by conduct." Because that did not happen in this case, defendant was improperly deprived of Rule 401(a) admonishments under both rationales.

¶ 31 In the absence of any recognizable waiver, I would also find that defendant was improperly deprived of legal representation. Remand is therefore warranted for a new hearing on his motion to withdraw his guilty plea for this additional reason.

*People v. Dyas*, 2023 IL App (3d) 220112

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Bureau County, No. 17-CF-61; the Hon. James A. Andreoni, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Stephen L. Gentry, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Thomas Briddick, State's Attorney, of Princeton (Patrick Delfino, Thomas D. Arado, and Stephanie L. Raymond, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |