**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210194-U

Order filed December 2, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0194 Circuit No. 19-CF-134 |
| EARL E. RATLIFF, | ) ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justice Hauptman concurred in the judgment.
Justice McDade dissented.

**ORDER**

¶ 1    *Held*:   The trial court's admonishments substantially complied with Illinois Supreme Court Rule 401(a).

¶ 2    The defendant, Earl E. Ratliff, appeals from his conviction for robbery, arguing that the court failed to comply with the admonishment requirements of Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) before he waived his right to counsel.

¶ 3                                    I. BACKGROUND

¶ 4        The State indicted the defendant, Earl E. Ratliff, for robbery (720 ILCS 5/18-1(a) (West 2018)). The defendant first appeared in court on April 24, 2019, for arraignment. The court advised the defendant of the charge and possible penalties. The defendant indicated he wanted an attorney, and the court appointed counsel for the defendant.

¶ 5        On July 11, 2019, defense counsel appeared on behalf of the defendant and indicated that he wished to represent himself. The court questioned the defendant regarding his level of education, whether he had any mental disabilities, and if he had ever been involved in the legal system. The defendant responded that he had finished the ninth grade and had "a part of bipolar." Although the defendant stated that he had not been involved in the legal system, his criminal history showed multiple felony convictions. After questioning the defendant, the court provided the following admonishments:

                "Okay. Now, you have to understand something. Representing you on the particular matter in this is not simply a matter of stand up, tell your side of the story. There's procedures and protocol that have to be followed. That gentleman right there is here to convict you. He's not here to help you. I'm not here to help you either. I just make sure you get a fair trial. *** You're going to [be] held responsible for any type of discovery cutoffs, rulings, filings of motions. They are going to be you[r] responsibility. ***

                All right. Also, when you have an attorney representing you, they have freedom of access and movement and research availability to, you know, any type of matters that may need to be involved in. Also, you have the absolute right to represent yourself. I don't care one way or the other. If you discharge your lawyer, any claim about my lawyer didn't do something claim in the future is

gone because you cannot claim ineffective because you were representing

yourself."

The defendant stated that he understood the court's admonishments and that he still wanted to represent himself. The court granted the defendant's request and discharged counsel.

¶ 6      The defendant filed several motions, including motions asking to suppress evidence, alleging a speedy trial violation, seeking the dismissal of the case, and accusing the prosecutor of threatening him. The court held hearings on the defendant's motions and denied them all.

¶ 7      On November 18, 2019, a jury was selected for trial. The next day, the defendant indicated that he wished to enter a blind plea. The court admonished the defendant of the charge and sentencing range. The defendant stated that he understood and wanted to plead guilty. The court accepted the plea finding it to be knowing and voluntary. The court sentenced the defendant to 15 years' imprisonment.

¶ 8      The defendant filed a motion to withdraw his guilty plea. At a hearing on the defendant's motion, the court stated that it was essentially a motion to reconsider instead of to withdraw his plea. The defendant requested the assistance of counsel, and counsel was subsequently appointed.

¶ 9      Defense counsel indicated to the court that the defendant did not want to proceed with a motion to vacate his guilty plea but wanted a new motion to reconsider filed. Once counsel filed a new motion to reconsider, the court held a hearing on it. Defense counsel argued the court gave too much weight to the defendant's criminal history and not enough weight to his mental health and substance abuse issues. The court denied the motion, and the defendant appeals.

¶ 10                                      II. ANALYSIS

3

¶ 11       On appeal, the defendant argues that his conviction should be reversed because the court failed to comply with the admonishment requirements of Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) before he waived his right to counsel. The defendant forfeited review of this issue because he neither objected to the court's admonishment nor raised the issue in his postplea motions. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, this issue is subject to plain error review because the right to counsel is so fundamental that the failure to properly issue Rule 401(a) admonishments amounts to a reversible second-prong plain error. See *People v. Brzowski*, 2015 IL App (3d) 120376, ¶ 42. The first step in plain error review is to determine whether a plain error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 564-65 (2007). "The word 'plain' here is synonymous with 'clear' and is the equivalent of 'obvious.' " *Id.* at 565 n.2.

¶ 12       For a court to accept a plea of guilty entered by a self-represented defendant, the defendant must make a valid waiver of his right to counsel. See *People v. Jones*, 36 Ill. App. 3d 190, 193 (1976). Rule 401(a) requires a court to inform the defendant of and determine that the defendant understands (1) the nature of the charge, (2) the minimum and maximum sentence, (3) and that he has a right to counsel, which will be appointed if he's indigent, before accepting his waiver of counsel. Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

¶ 13       The rule is intended "to ensure that a waiver of counsel is knowingly and intelligently made." *People v. Haynes*, 174 Ill. 2d 204, 241 (1996). Strict compliance with the rule is not required "if the record indicates that the waiver was made knowingly and voluntarily, and the admonishment the defendant received did not prejudice his rights." *Id.* at 236. A court's failure to provide a Rule 401(a) admonishment immediately before a defendant's waiver of his right to counsel does not render the defendant's waiver invalid. *Id.* at 242. "Substantial compliance means a deficiency in the admonishments does not prejudice the defendant, either because the

4

defendant already knows of the omitted information or because the defendant's degree of legal sophistication makes evident his or her awareness of the omitted information." *People v. Moore*, 2014 IL App (1st) 112592, ¶ 38. We review de novo the court's compliance with Rule 401(a). *People v. Wright*, 2015 IL App (1st) 123496, ¶ 46.

¶ 14        Here, immediately before accepting the defendant's waiver, the court questioned the defendant about his education and prior involvement in the legal system. The court also extensively admonished the defendant of the disadvantages of self-representation. However, the court failed to advise the defendant of the nature of the charge, the possible sentencing range, and that he had a right to counsel, including appointed counsel if he was indigent. See Ill. S. Ct. R. 401(a) (eff. July 1, 1984). Despite these omissions, the record shows that the court stated the potential minimum and maximum sentencing range for the offense less than three months before the plea. The defendant also cannot claim that he was unaware of the nature of the charge, as he demonstrated through his motions that he knew what the charge against him was for. Any deficiency in the court's admonition regarding the nature of the offense and sentencing was therefore harmless. See *People v. Roberts*, 27 Ill. App. 3d 489, 493 (1975). We also note that the defendant exercised his right to the appointment of counsel during the posttrial proceedings. This established that the defendant was aware of and willing to assert his right to counsel.

¶ 15        In light of the record, we cannot say that the defendant's waiver was rendered unknowing or unintelligent because the court provided an inadequate Rule 401(a) admonishment. Thus, the court's admonishment did not amount to a plain error.

¶ 16        The defendant further contends that he received ineffective assistance of postplea counsel when counsel did not raise the issue of his Rule 401(a) admonishments in a postplea motion, causing the issue to be forfeited. Counsel was not ineffective for failing to raise a Rule 401(a)

5

admonishment issue in the postplea motion because, as we found above, such an issue was meritless where the record established that the court substantially complied with the rule and the defendant made a knowing and voluntary waiver of his right to counsel. See *People v. Williams*, 2021 IL App (3d) 190298, ¶ 26 (finding counsel has no duty to raise a meritless issue).

¶ 17                                    III. CONCLUSION

¶ 18        The judgment of the circuit court of La Salle County is affirmed.

¶ 19        Affirmed.

¶ 20        JUSTICE McDADE, dissenting

¶ 21        The trial court made admirable efforts to dissuade defendant from the unwise decision to represent himself. In those efforts, the court admonished defendant about everything except what is required by Supreme Court Rule 401—the crime with which he was charged, the applicable sentencing range, and the practical consequences of an unsuccessful defense. The majority acknowledges this deficiency as error, but finds defendant was not prejudiced by the error because the sentencing information had been given to him "less than three months before the plea," rendering the more timely omission harmless. The failure to apprise defendant of the charged offense was similarly harmless because his motions demonstrated that he was aware of that as well.

¶ 22        Apart from the fact that the rules were promulgated to serve important functions and should be followed for that reason alone, there is evidence in the record that defendant suffered from mental illness and that he had drug use issues. There is no factual basis for the majority's assumption that defendant could or did remember something that had been told to him three months earlier and, therefore, no support for any assumption that giving the required

6

admonishments prior to defendant's waiver of his right to counsel was excusable because it was unnecessary.