2025 IL App (2d) 230077-B
No. 2-23-0077
Opinion filed July 15, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 21-CF-1484 |
| DIAMOND D. ANDERSON, | ) ) | Honorable David P. Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Jorgensen and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    After a bench trial at which defendant, Diamond D. Anderson, represented himself, he was found guilty of several offenses based on evidence that he battered the mother of his unborn child. Defendant timely appealed, arguing that the waiver of his right to counsel was invalid because he did not contemporaneously receive admonishments under Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), and the admonishments he received 26 days earlier did not compensate for that deficiency. We agreed and issued an opinion reversing defendant's convictions, vacating his sentence, and remanding for a new trial. *People v. Anderson*, 2024 IL App (2d) 230077, ¶ 45. We acknowledged that defendant had forfeited review of the adequacy of the admonishments. *Id.* ¶ 26. However, consonant with existing precedent, we concluded that the issue was reviewable under the

second prong of the plain error rule.[1] *Id.* ¶ 27. On November 14, 2024, our supreme court issued its decision in *People v. Ratliff*, 2024 IL 129356, ¶ 5 (plurality opinion), in which the defendant waived counsel and entered a guilty plea *pro se* without proper Rule 401(a) admonishments. Our supreme court concluded, however, that by pleading guilty, the defendant waived appellate review of the sufficiency of the admonishments. *Id.* ¶ 24. The court added that, even if the issue were merely forfeited (instead of waived), it was not amenable to review as second-prong plain error. *Id.* ¶ 29. On January 29, 2025, our supreme court entered an order in the exercise of its supervisory authority, directing us "to consider the effect of [the] Court's opinion in [*Ratliff*] on the issue of whether any failure to comply with Rule 401(a) is cognizable as second-prong plain error, and determine if a different result is warranted." *People v. Anderson*, No. 130506 (Ill. Jan. 29, 2025) (supervisory order). Having considered the effect of *Ratliff* on the issue, we conclude that second-prong plain-error review is unavailable and that defendant's convictions and sentence must be affirmed.

¶ 2                                    I. BACKGROUND

¶ 3        On October 20, 2021, defendant was indicted on (1) two counts each of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2020)), aggravated battery (*id.* § 12-3.05(d)(2)), domestic battery (*id.* § 12-3.2(a)(1)-(2)), and violation of a domestic violence bail bond (*id.* § 32-10(b)) and (2) a single count of criminal damage to property (*id.* § 21-1(a)(1)). On December 15, 2021, defendant was arrested, given a copy of the indictment, advised of the charges brought against him, told that he had the right to an attorney, and informed that an attorney could be appointed to

---

[1]"The plain-error [rule] bypasses forfeiture principles and allows a reviewing court to consider unpreserved error when: (1) the evidence is close, regardless of the seriousness of the error; or (2) the error is serious, regardless of the closeness of the evidence." *People v. Seal*, 2015 IL App (4th) 130775, ¶ 26. Thus, reviewability under the second prong of the plain error rule depends on the gravity of the error.

represent him if he was indigent. Counsel was appointed, and on January 5, 2022, she filed on behalf of defendant a demand for a speedy trial.

¶ 4    On April 20, 2022, defendant appeared via Zoom with appointed counsel, who was present in court. While the State and defense counsel discussed a discovery issue, defendant interjected, "object[ing] to all [the] continuances and delays." Defendant asserted that he "would like the right for a speedy trial." Defendant said that he had not "put in for a speedy trial since [he] ha[d] been down here, and [he had] been asking for it." The court asked defense counsel for her position on the speedy trial request, and counsel stated that she was "not at this time demanding trial," as "[t]here [was] still investigation that [the defense was] working on." Counsel then told defendant that she would speak with him after court. Defendant replied that "[his] thing [was that counsel] ha[d not] spoke[n] to [him] in almost two and a half months." The court gave defense counsel a breakout room in which to meet with defendant, advising defendant that he could speak with counsel there. Defendant asserted, "I'm still demanding to put in for a speedy trial." The proceedings ended, and presumably, defendant met with counsel in the breakout room.

¶ 5    On May 25, 2022, defense counsel advised the trial court that defendant was now "demanding a speedy trial and not agreeing to any further dates or any further continuances." When defendant tried to interject, the court told him to "be quiet." Defendant then commented that defense counsel was "not telling [him] nothing." He asserted that counsel had not "even [told him] that she was going to do this." He said that "[s]he really [did not] communicate with [him] at all." Defendant advised the court that "[he] want[ed] to put in a motion." The court continued the case to July 6, 2022, for arraignment and status.

¶ 6    At the July 6, 2022, arraignment, the trial court recited the offenses defendant was charged with committing and explained the penalties he faced if convicted. Defendant confirmed that he

understood the charges and possible penalties. The court also advised defendant that he had "the right to be represented by a lawyer." Defendant confirmed that he understood.

¶ 7　　The case was scheduled to proceed to a bench trial on August 1, 2022, but on that date, defendant advised the trial court that he wished to proceed *pro se*. Before accepting defendant's waiver of counsel and allowing defendant to proceed *pro se*, the court questioned defendant. Defendant's answers revealed that he was 27 years old, he was not previously "involved in the court system," "this [was] the first time [he had] ever been to court for anything," he did not go to school past eleventh grade, he could read and write, and he knew he would be held to the same standard as an attorney if he was allowed to proceed *pro se*. The court explained that, if defendant was allowed to represent himself, (1) he would have to ask questions in the proper form, and if his questions were not in the proper form and the State objected, the court would have to sustain the State's objections, and (2) similarly, if the State asked questions that should be objected to and defendant failed to object, the court could not object on defendant's behalf. Defendant advised the court that he "underst[oo]d." Defendant also said he understood that (1) he could not change his mind, in the middle of trial, about proceeding *pro se* and (2) if he was found guilty, he could not raise on appeal a claim of ineffective assistance of counsel.

¶ 8　　The trial court asked defendant if he wanted time to prepare for trial, and defendant said he did. The court told defendant that "[a] continuance from this day forward would be on [his] time." The court asked defendant if he understood, and defendant replied, "What you [*sic*] mean [by] being on my time?" The court advised defendant that the "speedy trial demand is gone."

¶ 9　　Once the trial court finished its admonishments, it asked defendant if he had any questions. Defendant said that "the whole reason for [him] going *pro se* [was] because [he had] a motion that [he] wanted to be heard." Defendant said he "was told that [he] had to go *pro se* in order to hear the

motion." The court explained that defendant's counsel might not have proceeded with the motion because she had a duty not to file frivolous motions. Defendant intimated that he was willing to proceed *pro se* to have his motion heard. Given that, the court asked defendant if "[he was] asking to proceed *pro se*." Defendant replied, "Yes, Your Honor."

¶ 10    The trial court then granted defendant's motion to waive counsel and proceed *pro se*. In doing so, the court found that defendant was competent to represent himself. The court also found, *inter alia*, that defendant understood (1) the pros and cons of proceeding *pro se*, (2) that he would be held to the same standard as an attorney, and (3) that the court could not advocate on his behalf. Defendant assured the court that he "agree[d] with everything [the court] said." The court then discharged appointed counsel and granted defendant a continuance to prepare for trial and file the motion he wanted to bring. Defendant agreed to a continuance to August 31, 2022.

¶ 11    At no point during the August 1, 2022, proceeding did the trial court admonish defendant about the nature of the charges brought against him, the minimum and maximum sentences he faced if convicted, his right to be represented by an attorney, or his right to have the court appoint counsel to represent him if he was indigent. See Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

¶ 12    Thereafter, defendant filed his *pro se* "Petition for Discharge of Incarcerated Defendant Based on Statutory Speedy Trial Violation." The trial court denied the petition, and the matter proceeded to trial. Defendant made no opening statement. He attempted to cross-examine only one of the State's five witnesses. Defendant did not object to the admission of any of the State's exhibits.

¶ 13    After the State rested, the trial court advised defendant that he could present evidence if he wished, including his own testimony. Defendant replied that he did not wish to testify or present any evidence. Defendant rested, and the State gave a closing argument. Defendant gave no closing argument.

¶ 14    The trial court found defendant guilty of all charges. The court then admonished defendant about his right to file a posttrial motion. Defendant told the court that he wanted counsel appointed to represent him at sentencing. The court appointed counsel for sentencing, noting that it was not appointing counsel to file any posttrial motion.

¶ 15    Defendant filed a *pro se* posttrial motion, arguing that (1) he was not proven guilty beyond a reasonable doubt, (2) the trial court erred in allowing the State to introduce evidence of his prior conviction and bad acts, and (3) his right to a speedy trial was violated. The trial court denied the motion. At sentencing, counsel represented defendant. The State introduced evidence of defendant's extensive criminal history. The court merged all counts into two and imposed concurrent terms of two and five years' imprisonment, respectively. Defendant timely appealed; as noted, we reversed defendant's convictions. *Anderson*, 2024 IL App (2d) 230077, ¶ 45. After our supreme court vacated our judgment, we ordered supplemental briefing on *Ratliff*'s effect, if any, on this appeal.

¶ 16                                    II. ANALYSIS

¶ 17    Criminal defendants have the constitutional right to the assistance of counsel "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." (Internal quotation marks omitted.) *People v. Baker*, 92 Ill. 2d 85, 90 (1982). A waiver of the right to counsel must be "clear and unequivocal" (*People v. Burton*, 184 Ill. 2d 1, 21 (1998)) and a "knowing and intelligent choice" (*People v. Stewart*, 2023 IL App (1st) 210912, ¶ 37). "The requirement of a knowing and intelligent choice calls for nothing less than a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." (Internal quotation marks omitted.) *Id.*

¶ 18    Rule 401(a) provides:

"(a) *** The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

A waiver of counsel is invalid absent proper admonishments (see *People v. Langley* 226 Ill. App. 3d 742, 749 (1992)), but "substantial compliance will be sufficient to effectuate a valid waiver if the record indicates that the waiver was made knowingly and voluntarily, and the admonishment the defendant received did not prejudice his rights" (*People v. Haynes*, 174 Ill. 2d 204, 236 (1996)).

¶ 19    In his original briefs, defendant put forth the general proposition that a trial court commits reversible error when it accepts a waiver of counsel that is not knowing and intelligent. However, defendant did not specifically argue that *his* waiver was not knowing and intelligent. Rather, defendant's argument hinged entirely on the question of compliance with Rule 401(a). Defendant argued that the trial court's admonitions when it accepted defendant's waiver of counsel did not strictly comply with Rule 401(a) because they did not mention the nature of the charges, the minimum and maximum penalties, and defendant's right to counsel. Defendant alternatively argued that the record as a whole, including admonitions given at his arraignment, did not meet the standard for substantial compliance. Although the requirement that a waiver of counsel be "knowing and intelligent" bears on the adequacy of admonitions that do not strictly comply with Rule 401(a),

defendant did not rely on that requirement as an independent basis for challenging the validity of his waiver of counsel. The only issues defendant raised in his original briefs were (1) whether the admonishments were adequate under Rule 401(a) and (2) whether, notwithstanding defendant's forfeiture of the admonishment issue, it was reviewable under the plain error rule. Although we found in defendant's favor on both issues, we must now reconsider the question of plain error in light of *Ratliff*.

¶ 20    In *Ratliff*, the trial court permitted the defendant to waive counsel without admonishing the defendant regarding the charge, the sentencing range, or the right to counsel. *Ratliff*, 2024 IL 129356, ¶ 5. The defendant subsequently entered an open guilty plea to a single count of robbery. *Id.* ¶¶ 5-6. Later, he filed a *pro se* motion to reconsider his sentence or vacate his guilty plea. *Id.* ¶ 7. At the hearing on that motion, the defendant said he wanted counsel. *Id.* The court appointed counsel, who later informed the court that the defendant did not want the court to vacate his guilty plea, but only to reconsider his sentence. *Id.* Counsel filed such a motion, and the trial court denied it on May 7, 2021. *Id.* That same day, the defendant filed a notice of appeal identifying the " 'MOTION TO RECONSIDER SENTENCE' " as the "order" he was appealing. *Id.* ¶ 8. More than six months later, the defendant filed an amended notice of appeal, again specifying that he wanted to appeal the May 7, 2021, order. *Id.* The defendant also filed a motion in the appellate court for leave to file an amended notice of appeal. *Id.* The motion stated that the defendant was appealing his conviction and all related rulings. *Id.* The appellate court granted the motion. *Id.* The defendant argued on appeal that his waiver of counsel was invalid because he had not been properly admonished under Rule 401(a). *People v. Ratliff*, 2022 IL App (3d) 210194-U, ¶ 11. A divided appellate court panel affirmed the defendant's conviction and sentence. *Id.* ¶ 18. Although the majority found that the defendant forfeited review of the admonishments, the majority concluded

that an error in admonishing a defendant in connection with the waiver of the right to counsel is reviewable under the second prong of the plain error rule. *Id.* ¶ 11. Ultimately, the majority concluded that any admonishment error was harmless. *Id.* ¶ 14. Our supreme court allowed the defendant's petition for leave to appeal. *Ratliff*, 2024 IL 129356, ¶ 13.

¶ 21 The appeal to the supreme court did not produce a majority opinion. The three-judge plurality opinion concluded that the appellate court lacked jurisdiction to grant the defendant's motion to file an amended notice of appeal; thus, the appellate court's jurisdiction was limited to that conferred by the original notice of appeal, which sought review only of the denial of the defendant's motion to reconsider his sentence. *Id.* ¶ 18. The appellate court exceeded its jurisdiction by reviewing the judgment entered on the defendant's guilty plea. *Id.*

¶ 22 Nonetheless, because the appeal presented "weighty issues," including the scope of second-prong plain error, the plurality elected to exercise its supervisory authority to address those issues. *Id.* ¶ 19. Justice Overstreet dissented from the plurality's holding that the appellate court exceeded its jurisdiction; he found no need for the court to exercise its supervisory authority to review the issues raised on appeal. *Id.* ¶¶ 83-84 (Overstreet, J., concurring in part and dissenting in part). However, he concurred in the plurality opinion in all other respects. *Id.* ¶ 84.

¶ 23 Concerning the merits of the appeal, the plurality (with Justice Overstreet concurring) initially noted:

"There are three impediments that the defendant cannot overcome. First, the defendant waived any Rule 401(a) claim by pleading guilty. Second, he waived such a claim by failing to raise it in a postplea motion as required by [Illinois Supreme Court] Rule 604(d) (Ill. S. Ct. R. 604(d) (eff. July 1, 2017)). Third, even if the defendant's claim had not been waived,

but only forfeited, his forfeiture would not be excusable as second-prong plain error because a Rule 401(a) violation is not akin to structural error." *Id.* ¶ 20 (plurality opinion). The plurality noted that (1) a voluntary guilty plea waives nonjurisdictional errors or irregularities and (2) a defendant who waives a right by pleading guilty may not invoke the plain error rule to claim a deprivation of that right. *Id.* ¶¶ 21-22.

¶ 24   The plurality further explained that Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) "works in tandem with the guilty-plea waiver principle." *Ratliff*, 2024 IL 129356, ¶ 23. Rule 604(d) provides that a defendant who has entered a guilty plea waives appellate review of any issue not raised in a postplea motion in the trial court to withdraw the plea or to reconsider the defendant's sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Because the defendant did not raise the issue of compliance with Rule 401(a) in a postplea motion, the issue was waived. *Ratliff*, 2024 IL 129356, ¶ 28.

¶ 25   Finally, the plurality addressed the issue of concern to us here. The plurality concluded that second-prong plain error review would be unavailable even if the defendant had merely forfeited the issue of Rule 401(a) compliance (as opposed to waiving that issue). *Id.* ¶ 29. Notably, the plurality characterized its conclusion as an "independent and equally important rationale" for its decision. *Id.* The appellate court in *Ratliff* had relied on *People v. Brzowski*, 2015 IL App (3d) 120376, to support its conclusion that failure to properly admonish the defendant per Rule 401(a) was second-prong plain error. *Ratliff*, 2022 IL App (3d) 210194-U, ¶ 11. However, the *Ratliff* plurality rejected the appellate court's reliance on *Brzowski* for two reasons. First, in *Brzowski* and the cases it relied on, the defendants had not pleaded guilty but, rather, had represented themselves at trial. *Ratliff*, 2024 IL 129356, ¶ 33. The plurality observed:

"The concern animating our second-prong plain error jurisprudence is that the error may have undermined the fairness of the defendant's trial. [Citation.] That concern is manifest when the defendant has a trial and is absent when the defendant does not have a trial. Those are dramatically different scenarios with dramatically different implications. In the former scenario, when the defendant proceeds *pro se*, despite the lack of Rule 401(a) admonishments, and is later convicted, there is uneasiness that stems from the uncertainty whether the waiver of counsel affected the outcome. That uneasiness and uncertainty disappears when the defendant pleads guilty. Here, the defendant has never asserted that the trial court's Rule 401(a) violation contributed in any way to his decision to plead guilty, and he has likewise never asserted that his guilty plea was involuntary or unknowing." *Id.*

¶ 26 Were this the *Ratliff* plurality's sole basis for refusing to follow *Brzowski*, the plurality's reasoning might not apply here because this case is distinguishable from *Ratliff* for the same reason as *Brzowski*. Namely, here, as in *Brzowski*, defendant did not plead guilty (as did the defendant in *Ratliff*) but, rather, represented himself at trial. Defendant argues that *Ratliff*'s holding is limited to cases where a *pro se* defendant enters a guilty plea. However, the *Ratliff* court had a second, more sweeping reason for declining to follow *Brzowski*: "a close examination of the line of authority in *Brzowski* shows that the appellate court created the proposition that Rule 401(a) violations are second-prong plain error out of thin air in *People v. Robertson*, 181 Ill. App. 3d 760 (1989)." *Id.* ¶ 34. *People v. Robertson*, 181 Ill. App. 3d 760 (1989), predated *People v. Moon*, 2022 IL 125959, ¶ 28, in which our supreme court noted that it had generally equated second-prong plain error with "structural error," *i.e.* an error that "necessarily renders a criminal trial fundamentally unfair or is an unreliable means of determining guilt or innocence." "[S]tructural errors are a very narrow group that defies harmless error analysis." *Ratliff*, 2024 IL 129356, ¶ 37. In concluding that the failure to

admonish a defendant under Rule 401(a) does not fit this description, the *Ratliff* plurality reasoned as follows:

> "[W]hile Rule 401(a) is 'a safeguard that is designed to help ensure that the defendant is afforded an important constitutional right' [citation], the rule is tangential to the constitutional right itself. Nothing in the federal or state constitutions requires any admonitions before a defendant may waive the right to counsel, which explains why we have repeatedly held that the trial court need only substantially comply with the rule. [Citations.] The fact that substantial compliance is sufficient indicates that a Rule 401(a) violation, if pressed in a postplea or posttrial motion, would be subject to a record-intensive and prejudice-focused harmless error analysis. If such a violation rose to the level of structural error, strict compliance would be required. Stated differently, it is conceivable that a defendant could knowingly and voluntarily waive the right to counsel, proceed *pro se*, and still have a fair trial without the admonitions." *Id.* ¶ 44.

¶ 27    Here, defendant's insistence on waiving the right to counsel simply to present a motion that counsel was unwilling to pursue militates against a finding that defendant was deprived of a fair trial. Likewise, the admonitions defendant received when arraigned in July 2022 covered the same ground as the admonitions defendant should have received when he waived counsel less than a month later. Thus, notwithstanding the trial court's failure to comply with Rule 401(a), it is unclear whether the error engendered any actual prejudice to defendant.

¶ 28    Defendant tries to avoid the impact of *Ratliff*'s clearly stated rationale by arguing in his supplemental brief that the plurality opinion's discussion of second-prong plain error, as it relates to cases where the defendant does not plead guilty, is "mere *dicta.*" However,

"an expression of opinion upon a point in a case argued by counsel and deliberately passed upon by the court, though not essential to the disposition of the cause, if *dictum*, is a judicial *dictum*. [Citations]. And further, a judicial *dictum* is entitled to much weight, and should be followed unless found to be erroneous." *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993).

¶ 29     We see no basis for departing from the *Ratliff* plurality's categorical rejection of the proposition that noncompliance with Rule 401(a) is akin to structural error. Citing *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), defendant draws a flawed analogy between (1) the failure to admonish and (2) the deprivation of a defendant's right to counsel of his or her own choosing. *Gonzalaez-Lopez* explained that there are two categories of *constitutional* error: trial error and structural error. *Id.* at 148. The effect of trial error can be assessed quantitatively, with reference to the evidence in the case, to determine the gravity of the error. *Id.* Most constitutional errors fall into this category. *Id.* In contrast, structural errors "defy analysis by harmless-error standards because they affec[t] the framework within which the trial proceeds, and are not simply an error in the trial process itself." (Internal quotation marks omitted.) *Id.* However, as explained in *Ratliff*, the failure to properly admonish a defendant per Rule 401(a) does not necessarily mean the defendant did not knowingly and intelligently waive counsel—the admonition error can be harmless. This is equally true whether a defendant proceeds to trial or pleads guilty; the "knowing and intelligent" standard is the same in either case.

¶ 30     Defendant also argues that to allow forfeiture in these circumstances "would lead to Kafkaesque results" because, as we stated in *People v. Vernón*, 396 Ill. App. 3d 145, 149-50 (2009), "admonitions are a protection to defendants that stands outside the adversarial process of which the procedural default doctrine is an expression; the admonitions are the court's responsibility." In other words, it would be incongruous to require the defendant to object to deficient admonishments when

the purpose of those admonishments is to provide the defendant with information he or she cannot be expected to have already. Unfortunately for defendant, the question before us is not whether defendant forfeited the trial court's error. In our now-vacated opinion, we found that defendant forfeited his challenge to the Rule 401(a) admonishments by failing to contemporaneously object to the admonishments and raise the issue in his posttrial motion. See *Anderson*, 2024 IL App (2d) 230077, ¶ 26. The case is here before us for the limited purpose of considering the effect of *Ratliff* on the issue of whether any failure to comply with Rule 401(a) is cognizable as second-prong plain error and determining if a different result is warranted. See *Anderson*, No. 130506. Whether the issue was forfeited and whether it is reviewable as second-prong plain error are separate inquiries. Only the latter is before us.

¶ 31    In his supplemental brief, defendant also argues that, because our original decision was based on the trial court's failure to properly admonish defendant under Rule 401(a), we "never reached the issue of [defendant's] knowing, voluntary, and intelligent waiver of counsel." However, the reason we did not "reach" the issue is that it was not raised in defendant's original briefs. As previously noted, although defendant discussed the requirement of a knowing and voluntary waiver, he did so entirely in the context of gauging the adequacy of the trial court's admonitions, not as an independent basis for appellate relief. In his original opening brief, having relied solely on the inadequacy of the admonitions, defendant explicitly stated that there was no need to consider whether his waiver of counsel was knowing and voluntary:

> "In sum, the trial court did not strictly or substantially comply with Supreme Court
> Rule 401(a). When the Rule has not been substantially complied with, the reviewing court
> need not determine whether the defendant's waiver of counsel was knowing and
> intelligent."

¶ 32    To the extent that defendant's original reply brief argued that his waiver of counsel was not knowing and voluntary, that argument pertained solely to whether substantial compliance with Rule 401(a) was sufficient in this case. See *Stewart*, 2023 IL App (1st) 210912, ¶ 44 ("examples [of substantial compliance with Rule 401(a)] *** conform to a common theme of imperfect or incomplete admonishments saved by a record that otherwise demonstrates a knowing and intelligent waiver of counsel"). Defendant's attempt to recharacterize the argument in his original briefs is disingenuous. In any event, defendant cites no authority that the factors he now identifies—his dissatisfaction with counsel and his poor performance at trial—establish, *ipso facto*, that his waiver was invalid. Indeed, defendant argues only that these factors "cast doubt" on the validity of his waiver. This issue is more amenable to resolution in a postconviction proceeding where the factual record can be more thoroughly developed.

¶ 33                            III. CONCLUSION

¶ 34    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 35    Affirmed.

*People v. Anderson*, **2025 IL App (2d) 230077-B**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 21-CF-1484; the Hon. David P. Kliment, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Christopher McCoy, and Anne C. Fung, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Jamie L. Mosser, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and David S. Friedland, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |